# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| TYRONE ADGER | CIVIL ACTION NO. 09-1262-P |
| VERSUS | JUDGE STAGG |
| WARDEN JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tyrone Adger ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in the United States District Court of the Middle District of Louisiana and by order was transferred and filed in this Court on July 29, 2009.  Plaintiff claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He names Warden Jerry Goodwin, Pam Austin, Dr. Hearn, Dr. Gehrig, Secretary LeBlanc, and Dr. Singsung as defendants.

Plaintiff claims he was denied medical treatment while incarcerated at the David Wade Correctional Center from November 1, 2006 until September 15, 2008.  He claims he suffers from cervical and heart problems.  Plaintiff claims he was diagnosed with spasmodic torticollis which is a nerve and muscle condition of the neck.  He claims he

suffers from involuntary tonic contractions of intermittent spasms of the neck muscles.  He claims the condition causes his neck to turn from its usual position.  He claims he also has bone spurs, bulging discs, and slight scoliosis of the spine.

He claims he filed numerous complaints through letters, correspondence forms, sick calls, and grievances regarding his serious medical conditions.  He claims Warden Jerry Goodwin refused to approve payments for medical treatments that were recommended by Dr. Zweig of LSU Medical Center.  He claims Dr. Zweig recommended that he receive botox injections every three months for a year in his neck and cervical area.  He claims that as a result of the denial of the recommended treatment, he endured pain, suffering, mental anguish, emotional distress, and cruel and unusual punishment.

Accordingly, Plaintiff seeks injunctive relief and compensatory, actual, punitive and monetary damages, and attorney fees.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).   It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).   Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

        In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.   To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  Plaintiff admits that he was examined by the medical staff numerous times.  He admits he was given pain medication, muscle relaxants, cortizone shots, injections, Tylenol, and ibuprofen for his condition.  He further admits that he went to physical therapy every other week at LSU Medical Center. He admits that he was given a soft cervical neck brace/collar.  He also admits that he was given medication for his hypertension.

It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Furthermore, the medical staff at David Wade Correctional Center was under no obligation to follow the recommendations of the non-prison physician. Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999).

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."  Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).   Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v.

Foti, 958 F.2d. 91 (5th Cir. 1992).  Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of June 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE